Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff,
HRACH BABAIAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRACH BABAIAN, as an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>vs.<br><br>DUNKIN' BRANDS GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Breach of Express Warranty<br>2. Breach of Implied Warranty<br>3. Breach of Contract<br>4. Common Law Fraud<br>5. Intentional Misrepresentation<br>6. Negligent Misrepresentation<br>7. Violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*;<br>8. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*<br>9. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*<br>10. Quasi Contract/Restitution/Unjust Enrichment<br><br><u>JURY TRIAL DEMANDED</u> |

# COMPLAINT

NOW COMES Plaintiff, HRACH BABAIAN, as an individual, on behalf of himself, all others similarly situated, and the general public, by and through Plaintiff's attorneys, with the Class Action Complaint against Defendants, DUNKIN' BRANDS GROUP, INC. (hereinafter "Dunkin Donuts" or "Defendant"), a Delaware Corporation, and DOES 1 through 100, inclusive, alleges and affirmatively states as follows:

# INTRODUCTION

1.  Plaintiff brings this action on behalf of himself, and all other similarly situated persons residing in California and/or the United States who purchased products sold by Defendants, DUNKIN' BRANDS GROUP, INC., a Delaware Corporation ("Dunkin Donuts") and DOES 1 through 100.

2.  Dunkin Donuts sells certain products with descriptive names containing the word "blueberry," such as "Blueberry Butternut Donut," "Blueberry Cake Donut," "Blueberry Crumb Cake Donut," and "Glazed Blueberry Munchkin" (collectively, "Blueberry Donuts") and others containing the word "maple," such as "Frosted Maple Crème Donut," "Glazed Apple Maple Donut," "Maple Apple Croissant Donut," "Maple Crème Donut," "Maple Crème Drizzle Donut," "Maple Crumb Cake Donut," "Maple Frosted Coffee Roll," "Maple Frosted Donut," "Maple Frosted Sprinkles Donut," and "Maple Vanilla Crème Donut" (collectively, "Maple Donuts" and collectively with Blueberry Donuts, "Class Products") which represent to consumers that these donuts contain blueberries and maple syrup or maple sugar, respectively ("Real Ingredients"). However, the reality is that these donuts do *not* contain these ingredients.

3.  Defendants Dunkin Donuts and DOES 1 through 100 collectively, designed, manufactured, distributed, marketed, and sold Class Products with such deceptive names.

4.  Although Dunkin Donuts knew from the very start of the distribution and sale of Class Products that the Blueberry Donuts and Maple Donuts did not contain the

ingredients that were part of the descriptive names of the products, it distributed the donuts with such descriptive names in the United States in order to make them more attractive to consumers.

5.   In reasonable reliance on the representations made in the descriptive names of the Blueberry Donuts and the Maple Donuts, Plaintiff and other consumers purchased them, believing they contained the ingredients featured in the name of the product.  Had Plaintiff and other consumers known that the donuts did not contain these ingredients, they would not have purchased the subject donuts or would have paid significantly less for them.

## PARTIES

6.   Plaintiff, HRACH BABAIAN (hereinafter "Babaian" or "Plaintiff"), is and was at all times relevant herein an individual residing in Los Angeles County, California. Plaintiff Babaian purchased and consumed two donuts, namely, the "Blueberry Cake Donut" and the "Maple Frosted Donut," which were manufactured, sold or otherwise delivered to Plaintiff Babaian without the Real Ingredients and as described herein.

7.   Plaintiff appears in this action on behalf of himself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in his capacity as a private attorney general.

8.   Defendant, DUNKIN BRANDS GROUP, INC. ("Dunkin Donuts") is a Delaware Corporation, which is licensed to do business, and is doing business throughout the United States, with its principal place of business located at 130 Royall Street, Canton, MA 02021. Dunkin Donuts transacts business in Los Angeles County, California, and at all relevant times developed, promoted, marketed, distributed, and/or sold the Class Products, throughout the United States, including California. Defendant Dunkin Donuts has significant contacts with the State of California by transacting business in this state.

CLASS ACTION COMPLAINT
HRACH BABAIAN V. DUNKIN BRANDS GROUP, INC., ET AL.

9.    Plaintiff is informed and believes, and based thereon alleges that Defendants DOES 1 through 100 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

10.    Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

11.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times, each Defendant was a developer, producer, distributor and seller of Class Products, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes, and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about said deceptively named Donuts, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.  As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Dunkin Donuts and DOES 1 through 100.

12.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

14. This is a class action.

15. On information and belief, aggregate claims of individual Putative Class Members exceed $5,000,000.00, exclusive of interest and costs.

16. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 subd. (d).

17. Dunkin Donuts and DOES 1 through 100 developed, designed, manufactured, distributed, and sold the Class Products, placing them in the stream of commerce and maintaining sufficient contacts in the Central District of California such that jurisdiction over the person is proper.

18. Defendants are deemed to reside in this district pursuant to 28 U.S.C. § 1391.

19. Venue is proper in this District under 28 U.S.C. § 1391 subd. (a).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF BABAIAN

20. On May 1, 2017, Plaintiff Babaian entered a Dunkin Donuts store in Los Angeles, CA with an intent to purchase a blueberry pastry for personal, family or household purposes.

21. When in Dunkin Donuts store, Babaian entered into a valid contract, paid adequate consideration, and purchased a Blueberry Cake Donut and a Maple Frosted Donut.

22. Plaintiff Babaian purchased the Blueberry Donut and the Maple Donut while reasonably believing that they contained blueberries and maple syrup and/or maple sugar, respectively ("Real Ingredients"). Plaintiff Babaian's belief was based on reasonable reliance on Defendant's representations that the products were blueberry donuts and maple donuts.

CLASS ACTION COMPLAINT
HRACH BABAIAN V. DUNKIN BRANDS GROUP, INC., ET AL.

23.   While in the Dunkin Donuts store, Plaintiff Babaian read the signs next to the product displays in the store, including those for Blueberry Donuts, which stated "Blueberry Cake Donut," and those for Maple Donuts, which stated "Maple Frosted Donut" and relied on Defendants' representation that the Class Products were blueberry donuts and maple donuts, respectively. There were no signs or asterisks present next to the Blueberry Donuts and/or the Maple Donuts that disclosed the lack of Real Ingredients in Class Products.

24.   Had there been an adequate disclosure that Class Products did not contain Real Ingredients, Plaintiff Babaian would have learned that the Blueberry Donuts and Maple Donuts lacked Real Ingredients.

25.   Subsequent to his purchase, Babaian learned about the lack of Real Ingredients in Blueberry Donuts and Maple Donuts, and on May 16, 2017 sent a "Notice of Violation of the California Consumer Legal Remedies Act" to Dunkin Donuts.

26.   Had Plaintiff Babaian known that Class Products did not contain Real Ingredients, he would not have purchased the Class Products, and would have purchased other products that contained blueberries and maple from the competitors of Dunkin Donuts' or would have paid significantly less for them. Therefore, Plaintiff Babaian suffered injury in fact and lost money as a result of purchasing these donuts.

## ALLEGATIONS COMMON TO PLAINTIFF AND CLASS MEMBERS

27.   Dunkin Donuts develops, distributes, markets, advertises and sells Dunkin Donuts branded Class Products in the United States.

28.   Dunkin Donuts has a system of Dunkin Donuts stores throughout the United States through which it markets, advertises and sells Dunkin Donuts branded goods. Said authorized stores are tightly controlled by Dunkin Donuts and are the agents of Dunkin Donuts. Dunkin Donuts controls the production and marketing practices of Dunkin Donuts authorized stores, the menu within those stores, the names of products to be displayed at the stores, the ingredients in those products, and even the appearance of said

stores. Additionally, Dunkin Donuts trains the Dunkin Donuts authorized store owners.

29.   Through years Dunkin Donuts developed, distributed, marketed, advertised and sold certain varieties of donuts, described below, with names that contain the words "blueberry" or "maple," but do not in fact contain blueberries or maple syrup/maple sugar, respectively.

30.   The Blueberry Donuts and the Maple Donuts are and, based on Plaintiff's information and belief, always have been deceptively named, in that they never included blueberries or maple syrup/maple sugar, respectively ("Real Ingredients").

31.   The varieties of donuts at issue include at least the following Blueberry Donuts and Maple Donuts: "Blueberry Butternut Donut," "Blueberry Cake Donut," "Blueberry Crumb Cake Donut," "Glazed Blueberry Munchkin," "Frosted Maple Crème Donut," "Glazed Apple Maple Donut," "Maple Apple Croissant Donut," "Maple Crème Donut," "Maple Crème Drizzle Donut," "Maple Crumb Cake Donut," "Maple Frosted Coffee Roll," "Maple Frosted Donut," "Maple Frosted Sprinkles Donut," and "Maple Vanilla Crème Donut".

32.   Defendant Dunkin Donuts, as the producer, distributor, and seller of Class Products, had exclusive knowledge about the lack of Real Ingredients in the Blueberry Donuts and Maple Donuts prior to start of distribution and sale of each of the identified Blueberry Donuts and Maple Donuts because Dunkin Donuts formulated and manufactured the Blueberry Donuts and Maple Donuts.

33.   Defendant Dunkin Donuts, thus, knew that the Blueberry Donuts and Maple Donuts did not contain Real Ingredients before Plaintiff and putative class members purchased the Class Products.

34.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated.

35.   Even though Dunkin Donuts knew that the Blueberry Donuts and Maple Donuts did not contain Real Ingredients, it distributed and marketed the Blueberry

Donuts and Maple Donuts without disclosing the lack of Real Ingredients in Class Products to Plaintiff and the Class Members.



**Figure 1. The Blueberry Cake Donut is advertised as one of popular varieties.**

36. Even worse, Dunkin Donuts intentionally used the words "blueberry" and "maple" in the naming of the Class Products and marketed the Class Products as blueberry donuts and maple donuts with an intent to deceive consumers into believing that the Class Products contained Real Ingredients.

37. At all times relevant herein, Dunkin Donuts continually used names containing the words "blueberry" and "maple" in the names of the Blueberry Donuts and Maple Donuts on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.



**Figure 2. Typical product display at a Dunkin' Donuts store.**

38. Further, Dunkin Donuts actively concealed the fact that Class Products lacked Real Ingredients by using artificial flavors to mimic the flavor of Real Ingredients in Class Products and to further deceive Plaintiff and the putative class members.

39. Dunkin Donuts had a duty to disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts, because it had exclusive knowledge about the lack of Real Ingredients in Blueberry Donuts and Maple Donuts from sources not reasonably discoverable by Plaintiff and the putative class members; because Dunkin Donuts actively concealed the fact that Blueberry Donuts and Maple Donuts lacked Real Ingredients; and because Dunkin Donuts affirmatively misrepresented to Plaintiff and putative class members that Blueberry Donuts and Maple Donuts contained Real Ingredients by intentionally using the words "blueberry" and "maple" in the naming of Blueberry Donuts and Maple Donuts, and made some disclosures about the ingredients of the Blueberry Donuts and Maple Donuts, but failed to make an adequate disclosure

that the Blueberry Donuts and Maple Donuts did not contain Real Ingredients. Dunkin Donuts does not disclose the ingredients of its donuts anywhere in Dunkin Donuts stores. Disclosures of ingredients provided by Dunkin Donuts on its web site are inadequate.

40.    Plaintiff and the putative class members reasonably relied on said misrepresentations and the fraudulent concealment of the fact that Blueberry Donuts and Maple Donuts did not contain Real Ingredients, because Dunkin Donuts used a number of substitute artificial ingredients to produce flavors similar to Real Ingredients in Blueberry Donuts and Maple Donuts to further deceive the Plaintiff and putative class members. Based on information and belief, the Real Ingredients are more expensive than the artificial ingredients that Dunkin Donuts used to deceive the consumers.

41.    The fact that the Blueberry Donuts and Maple Donuts do not contain Real Ingredients is material because it is related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

42.    Blueberries contain antioxidants called anthocyanins, which have been shown to inhibit free radicals from damaging cells in the body.[1] Studies suggest that the antioxidant properties of anthocyanins may protect against cardiovascular diseases (including stroke) as well as neurodegenerative disorders of aging, such as Alzheimer's disease, and may play a role in cancer prevention.[2] In popular press, blueberries have reached prominent status in terms of their unique health benefits, and have been widely perceived as a "superfood" by the public.

43.    Maple syrup and maple sugar are derived from the sap of the maple tree. More

---

[1] Nile SH, Park SW. Edible berries: bioactive components and their effect on human health. Nutrition. 2014 Feb; 30(2): 134-44.

[2] De Pascual, T. Molecular mechanisms involved in the cardiovascular and neuroprotective effects of anthocyanins. Arch Biochem Biophys. 2014 Oct 1; 559-68-74.

than 20 compounds in maple syrup have been linked to human health, including phenolics, the beneficial class of anti-oxidant compounds also found in berries.[3]

44.   Plaintiff and the putative class members suffered economic damage because they were deprived of the benefit of their bargain since they would not have purchased the Blueberry Donuts and Maple Donuts had they known about the lack of Real Ingredients and would have purchased other donuts that contained Real Ingredients, or the similar products of Dunkin Donuts' local and national competitors instead, such as Starbucks or Blue Star Donuts in Los Angeles and Portland area, which contain Real Ingredients.

45.   Plaintiff is informed and believes and thereon alleges that Defendants' practice in using the words "blueberry" and "maple" in Blueberry Donuts and Maple Donuts that lack Real Ingredients, and failure to adequately disclose that Blueberry Donuts and Maple Donuts lack Real Ingredients impacts the competition between Dunkin Donuts and other local or national stores and bakeries that produce similar products and either use the words "blueberry" and "maple" only in those products which include Real Ingredients, or refrain from using the words "blueberry" and "maple" in the naming of their donuts. This practice gives Dunkin Donuts a competitive advantage over other businesses operating in the same market. It is important to note that Dunkin Donuts combines the donut sales with coffee, and other derivative product sales. Consequently, Dunkin Donuts' unfair, unlawful, and fraudulent business acts and practices are extended to other product lines that are derivative of donut sales, and impact the competition in the markets of derivative products as well.

46.   The Blueberry Donuts and Maple Donuts from Dunkin Donuts, thus, are not the same quality as those generally accepted in the trade of consumables, are of poor or below average quality within the description of "Blueberry Donuts" and "Maple

---

[3] University of Rhode Island. "Pure maple syrup contains medicinally beneficial compounds, pharmacy researcher finds." ScienceDaily. ScienceDaily, 25 March 2010. <www.sciencedaily.com/releases/2010/03/100321182924.htm>.

CLASS ACTION COMPLAINT
HRACH BABAIAN V. DUNKIN BRANDS GROUP, INC., ET AL.

Donuts" and/or did not conform to the affirmations of fact made by Dunkin Donuts in its labeling of Class Products as blueberry donuts and maple donuts.

47. Plaintiff and the putative class members suffered economic harm because the Blueberry Donuts and Maple Donuts they purchased are unmerchantable and are worth less than what they paid/pay for them.

48. Plaintiff and the putative class members suffered economic harm because they bargained for and paid for blueberry donuts and maple donuts that were meant to include Real Ingredients, however they received the Class Products that only had artificial flavors as substitute for Real Ingredients.

49. Dunkin Donuts continues its unfair, fraudulent and unlawful practice as alleged herein. Plaintiff and the Class Members will never know whether a donut they are purchasing from Dunkin Donuts has Real Ingredients based on the name of the product.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

50. This action seeks financial compensation for members of the Class in connection with their purchase of the Blueberry Donuts and Maple Donuts. Plaintiffs do not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

51. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law by Plaintiff on behalf of himself and a Class as defined as follows:

(1) *National Class*: The Class that Plaintiff seeks to represent ("National Class") is defined to include all persons and entities within the United States who purchased or will purchase a Blueberry Donut and/or a Maple Donut, on or after Defendant placed the Blueberry Donuts and Maple Donuts into the stream of commerce. Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers,

directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2) *California Subclass*: The Class that Plaintiff seeks to represent ("California Subclass") consists of all persons and entities who purchased or will purchase a Blueberry Donut and/or a Maple Donut in California, on or after the date Defendant placed the Blueberry Donuts and Maple Donuts into the stream of commerce. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(3) *California Consumer Subclass*: The Class that Plaintiff seeks to represent ("California Consumer Subclass") consists of all members of California Subclass that acquired a Blueberry Donut and/or a Maple Donut for personal, family, or household purposes.

52. There is a well-defined community of interest in the litigation, and the proposed class is ascertainable:

a. *Common Questions Predominate*: Common questions of law and fact exist as to all class members, and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

1) Whether the Blueberry Donuts and Maple Donuts were of poor or inferior quality within the description of "blueberry donuts" and "maple donuts" as compared with other similar products;

2) Whether Defendants knew of the lack of Real Ingredients in Blueberry Donuts and Maple Donuts;

CLASS ACTION COMPLAINT
Hrach Babaian v. Dunkin Brands Group, Inc., et al.

3) Whether Defendants violated California consumer protection statutes;

4) Whether Defendants breached their implied warranties;

5) Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts or misrepresenting that the Blueberry Donuts and Maple Donuts contained Real Ingredients;

6) Whether Defendants failed to adequately disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts;

7) Whether the names of Blueberry Donuts and Maple Donuts were deceptive;

8) The nature and extent of Defendants' implied warranty of merchantability for Blueberry Donuts and Maple Donuts;

9) Whether the nondisclosure of lack of Real Ingredients is an unlawful, unfair and/or "fraudulent" business act or practice within the meaning of the Business and Professions Code §§ 17200 et seq.;

10) Whether Defendants had a duty to Plaintiff and the Class to disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts;

11) Whether Defendants knew or reasonably should have known about the lack of Real Ingredients in Blueberry Donuts and Maple Donuts;

b. *Typicality*: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the class members sustained the same types of damages and losses.

c. *Numerosity and Ascertainability*: The classes are so numerous, thousands, if not millions of persons, that individual joinder of all class members is impractical under the circumstances. The class members can be ascertained by, among other things, sales records and by responses to methods of class notice permitted by law.

d. *Adequacy*: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and have retained counsel, who

are competent and experienced in handling complex and class action litigation on behalf of consumers.

e.    *Superiority and Substantial Benefit*: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## TOLLING OF STATUTE OF LIMITATIONS

53.    Any applicable statutes of limitation have been equitably tolled by Dunkin Donuts' affirmative acts of fraudulent concealment, suppression and denial of the true facts regarding the existence of the lack of Real Ingredients alleged herein.  Such acts of fraudulent concealment include, but are not limited to intentionally covering up and refusing to publically disclose that Blueberry Donuts and Maple Donuts lack Real Ingredients.  Through such acts of fraudulent concealment, Dunkin Donuts was able to actively conceal from the public for years the truth about the lack of Real Ingredients, thereby tolling the running of any applicable statute of limitations.

54.    Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein,

CLASS ACTION COMPLAINT
Hrach Babaian v. Dunkin Brands Group, Inc., et al.

concerning the lack of Real Ingredients in Blueberry Donuts and Maple Donuts, Defendants were, at all times aware of the lack of those ingredients as described herein but at all times continued to sell and market the Blueberry Donuts and Maple Donuts using the words "blueberry" and "maple" in their names despite this knowledge.

## FIRST CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
*(California Subclass)*

55.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

56.    Plaintiff brings this cause of action on behalf of himself and on behalf of California Class.

57.    Dunkin Donuts used the words "blueberry" and "maple" in the naming of Blueberry Donuts and Maple Donuts.

58.    Dunkin Donuts' naming of Blueberry Donuts and Maple Donuts were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

59.    Dunkin Donuts' naming of Blueberry Donuts and Maple Donuts, thus created express warranties that the Blueberry Donuts and Maple Donuts would contain Real Ingredients.

60.    Dunkin Donuts breached the express warranties by selling Blueberry Donuts and Maple Donuts, which lack Real Ingredients.

61.    Dunkin Donuts' breach caused injury to Plaintiff and Putative Class Members, because Plaintiff and Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, actual blueberry donuts and maple donuts.

62.    Defendants have and continue to breach their express warranties as alleged herein, because Blueberry Donuts and Maple Donuts lack Real Ingredients at the time of sale.

63.    As a result of Defendants' breach of express warranties as set forth above,

Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
BREACH OF IMPLIED WARRANTY
*(California Subclass)*

64.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

65.    Plaintiff brings this cause of action on behalf of himself and on behalf of California Class.

66.    The Blueberry Donuts and Maple Donuts are produced goods.

67.    The transactions by which the putative class members purchased the Blueberry Donuts and Maple Donuts were transactions for the sale of goods and at all times relevant, Dunkin Donuts was the seller of Blueberry Donuts and Maple Donuts and placed these products into the stream of commerce throughout the United States, including California.

68.    Plaintiff and putative class members purchased Blueberry Donuts and Maple Donuts from authorized Dunkin Donuts stores.

69.    Blueberry Donuts and Maple Donuts came with an implied warranty that the Blueberry Donuts and Maple Donuts and any parts thereof were merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Dunkin Donuts.

70.    The Blueberry Donuts and Maple Donuts, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Dunkin Donuts because they lack Real Ingredients.

71.    The Blueberry Donuts and Maple Donuts, at all times relevant herein were not

the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market either use Real Ingredients in products that have the words "blueberry" or "maple" in their name, or refrain from using the words "blueberry" or "maple" in the names of products that lack Real Ingredients.

72.     The Blueberry Donuts and Maple Donuts, at all times relevant herein, were of poor or below average quality within the description of a blueberry donut and a maple donut provided by Dunkin Donuts.

73.     Blueberry Donuts and Maple Donuts, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect.

74.     As a direct and proximate result of the foregoing, Plaintiff and all the other Putative Class Members sustained loss and damage and did not receive the benefit of their bargain.

## THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
*(National Class)*

75.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

76.     Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all classes.

77.     Plaintiff and putative class members entered into valid contracts and paid sufficient consideration to purchase Blueberry Donuts and Maple Donuts from Defendants.

78.     Defendants materially breached the contract for sale of Blueberry Donuts and Maple Donuts by failing to deliver actual blueberry donuts and/or maple donuts.

79.     As a direct and proximate result of the foregoing, Plaintiff and all the other putative class members sustained loss and damage and did not receive the benefit of their bargain.

## FOURTH CAUSE OF ACTION
### COMMON LAW FRAUD
#### *(National Class)*

80.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

81.     Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all classes.

82.     Defendants represented that they were selling blueberry donuts and maple donuts to Plaintiff and putative class members.

83.     Defendants knew that the Class Products were not blueberry donuts and maple donuts as they did not contain the Real Ingredients.

84.     Defendants made the representation that they were selling blueberry donuts and maple donuts to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Class Products.

85.     Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

86.     Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry donuts and maple donuts.

87.     In reliance on Defendants' representation that the Class Products were blueberry donuts and maple donuts, Plaintiff and putative class members purchased the Class Products.

88.     As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry donuts and maple donuts and did not contain the Real Ingredients.

# FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION
*(National Class)*

89.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

90.     Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

91.     Defendants intentionally represented that they were selling blueberry donuts and maple donuts to Plaintiff and putative class members.

92.     Defendants knew that the Class Products were not blueberry donuts and maple donuts as they did not contain the Real Ingredients.

93.     Defendants made the representation that they were selling blueberry donuts and maple donuts to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Class Products.

94.     Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

95.     Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry donuts and maple donuts.

96.     In reliance on Defendants' representation that the Class Products were blueberry donuts and maple donuts, Plaintiff and putative class members purchased the Class Products.

97.     As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry donuts and maple donuts and did not contain the Real Ingredients.

## SIXTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
*(National Class)*

98.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

99.     Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

100.     Defendants represented that they were selling blueberry donuts and maple donuts to Plaintiff and putative class members.

101.     Defendants had no reasonable grounds to believe that the Class Products were blueberry donuts and maple donuts, because they did not contain the Real Ingredients.

102.     Defendants intended for Plaintiff and putative class members to rely on their representations about their products.

103.     Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

104.     Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry donuts and maple donuts.

105.     In reliance on Defendants' representation that the Class Products were blueberry donuts and maple donuts, Plaintiff and putative class members purchased the Class Products.

106.     As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry donuts and maple donuts and did not contain the Real Ingredients.

## SEVENTH CAUSE OF ACTION

VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT CIVIL CODE § 1750 *ET SEQ.*

*(California Consumer Subclass)*

107.   Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

108.   Plaintiff brings this cause of action on behalf of himself and on behalf of the California Consumer Class.

109.   The Blueberry Donuts and Maple Donuts are "goods" within the meaning of Civil Code § 1761(a).

110.   Defendants are "persons" as defined by Civil Code § 1761(c).

111.   Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

112.   The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

113.   At all times relevant herein, Dunkin Donuts knowingly used the words "blueberry" and "maple" in the names of Blueberry Donuts and Maple Donuts with an intent to misrepresent the lack of such Real Ingredients in Blueberry Donuts and Maple Donuts.

114.   The representations that Class Products were blueberry donuts and maple donuts were material, because they related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

115.   At all times relevant herein, Dunkin Donuts provided said representation to the entire class by using the words "blueberry" and "maple" in the names of the Blueberry Donuts and Maple Donuts, and displayed them on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.

116.   As alleged herein, Dunkin Donuts knew that said representation was false.

117.   Plaintiff and the Class Members who purchased Class Products in reliance on Defendant's representation were harmed, because they would not have purchased the Blueberry Donuts and Maple Donuts had they known that the Blueberry Donuts and Maple Donuts did not contain the Real Ingredients.

118.   Defendants have violated the CLRA in at least the following respects:

a.  In violation of Civil Code § 1770(a)(5), Defendants have represented that the Blueberry Donuts and Maple Donuts have characteristics and benefits that they do not have;

b.  In violation of Civil Code § 1770(a)(7), Defendants have represented that the Blueberry Donuts and Maple Donuts are of a particular standard, quality, or grade when they are not;

c.  In violation of Civil Code § 1770(a)(9), Defendants have advertised the Blueberry Donuts and Maple Donuts without an intent to sell them as advertised; and

d.  In violation of Civil Code § 1770(a)(18), Defendants have represented that the Blueberry Donuts and Maple Donuts were supplied in accordance with previous representations when they were not.

119.   Defendants' deceptive acts alleged herein occurred in the course of selling a consumer product and Defendants have done so continuously through the filing of this Complaint.

120.   As a direct and proximate result of Defendants' violation of Civil Code § 1770 *et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary losses entitling them to both injunctive relief and restitution.  Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable under the CLRA.

121.   Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious.

122.   Pursuant to Civil Code § 1782, Plaintiff provided notice to Defendants at least thirty days prior to filing this action for damages.

123.     Defendants failed to make the showing required by Civil Code § 1782(c).

124.     As a result, Plaintiff seeks actual damages for violation of the CLRA.   In addition, pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Civil Code § 1780.

### EIGHTH CAUSE OF ACTION
VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*
*(California Subclass)*

125.     Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

126.     Plaintiff brings this claim on behalf of himself, California Class, and the general public in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

127.     Plaintiff asserts these claims as he is a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

128.     Plaintiff has standing to bring this claim on behalf of himself and others similarly situated pursuant to California Business and Professions Code § 17200 *et seq.,* because Plaintiff suffered injury-in-fact, *inter alia,* because he would not have purchased the Blueberry Donuts and Maple Donuts had he known that the Blueberry Donuts and

Maple Donuts did not contain Real Ingredients, or he would have paid less for them.

129.   Dunkin Donuts had exclusive knowledge of the fact that Blueberry Donuts and Maple Donuts did not contain Real Ingredients.

130.   The lack of Real Ingredients in Blueberry Donuts and Maple Donuts is material as alleged herein.

131.   Dunkin Donuts had a duty to disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts as alleged herein.

132.   Dunkin Donuts did not disclose the lack of Real Ingredients in Blueberry Donuts and Maple Donuts as alleged herein.

133.   Dunkin Donuts actively concealed the lack of Real Ingredients from Plaintiff and the Putative Class Members.

134.   Dunkin Donuts intended to deceive Plaintiff and Class Members by concealing the lack of Real Ingredients, motivated by market share and profit margin.

135.   At all relevant times herein, Dunkin Donuts affirmatively used the words "blueberry" and "maple" in the names of Blueberry Donuts and Maple Donuts, and intentionally used substitute ingredients to create flavors similar to Real Ingredients, knowingly misrepresenting that the Blueberry Donuts and Maple Donuts contained Real Ingredients. Based on information and belief, the Real Ingredients are more expensive than the artificial ingredients that Dunkin Donuts used to deceive the consumers.

136.   At all times relevant herein, Dunkin Donuts displayed the names of Blueberry Donuts and Maple Donuts on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.

137.   Ordinary consumers would not have recognized the fact that the Blueberry Donuts and Maple Donuts lacked Real Ingredients, because of the deceptive naming of Blueberry Donuts and Maple Donuts and the flavors similar to Real Ingredients. Thereby, consumers were likely to be deceived.

138.   Plaintiff and Class Members relied on Dunkin Donuts' nondisclosure and affirmative misrepresentations and purchased the Blueberry Donuts and Maple Donuts

and were damaged as alleged herein.

139.    Dunkin Donuts' conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

140.    These advertisements, due to the national scope and extent of Defendants multi-media campaign, were uniformly made to all members of the class. Class members' acts of purchasing the Blueberry Donuts and Maple Donuts were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff and the putative class known differently as to the lack of Real Ingredients in Blueberry Donuts and Maple Donuts they would not have purchased the Blueberry Donuts and Maple Donuts.

141.    Dunkin Donuts' misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors who do either use the more expensive real ingredients or do not use deceptive names for their similar products.

142.    On the basis of balancing the welfare of the community and public interest, the utility to Dunkin Donuts is *de minimis*, so that the conduct of Dunkin Donuts is morally reprehensible, unethical and unscrupulous. Dunkin Donuts' practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

143.    The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

144.    The acts, omissions, misrepresentations, practices, non-disclosures and/or

concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the United States and in California.

145.    The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Dunkin Donuts, as fully described herein, present a continuing injury to Plaintiff and putative class members as alleged herein.

146.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who purchased the Blueberry Donuts and Maple Donuts.

147.    Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seek an order of this Court enjoining Dunkin Donuts from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

148.    In addition to the relief requested in the Prayer below, Plaintiff seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

### NINTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 ET SEQ.
*(California Subclass)*

149.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

150.    Plaintiff brings this claim on behalf of himself, California Class, and the general public in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

151.    FAL makes it unlawful for any person, firm, corporation or association, or any employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

152.    Defendants are persons, firms, corporations or associations, or employees of thereof.

153.    The Class Products are personal property.

154.    Defendants made statements to the public, including Plaintiff and putative class members, concerning the Class Products, stating that Class Products were blueberry donuts and maple donuts, with an intent to dispose of the Class Products.

155.    The statement that the Class Products were blueberry donuts and maple donuts was untrue or misleading.

156.    The statement that the Class Products were blueberry donuts and maple donuts was known by Defendants to be untrue, or by the exercise of reasonable care should have been known to be untrue or misleading.

157.    Defendant, thus, violated and continues to violate FAL, has, and continues to obtain money from Plaintiff and putative class members.

158.    Plaintiff requests restitution of the moneys paid by him and putative class members, disgorgement of profits made by Defendants as a result of the foregoing.

### TENTH CAUSE OF ACTION
#### QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT
*(National Class)*

159.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

160.   Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all classes.

161.   Defendants intentionally and recklessly made misrepresentations and concealed facts about the Class Products to Plaintiff and the putative class members with an intent to induce them to purchase Class Products.

162.   In reliance on Defendants' misrepresentations and concealment, Plaintiff and the putative class members, believed that the Blueberry Donuts and the Maple Donuts contained Real Ingredients.

163.   Plaintiff and the putative class members made monetary payments to Defendant Dunkin Donuts to purchase the Class Products, directly or through an authorized store.

164.   Defendants were unjustly enriched by any payments Plaintiff and the putative class members made to Defendants, directly or indirectly, that resulted from the misrepresentations and concealment.

165.   Therefore, Plaintiff and the putative class members are entitled to restitution based on the quasi contract between Plaintiff and the putative class members and Defendants, and each of them.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and also on behalf of the general public, pray for judgment against all Defendants as follows:

A. An order certifying the Class, sub-classes and appointing Plaintiff and their counsel to represent the Class and sub-Classes;

B. For actual damages, if adequate;

C. For any additional and consequential damages suffered by Plaintiff and the Class;

D. For statutory damages in an amount of not less than $1,000 per Plaintiff or Class member pursuant to California Civil Code § 1780(a)(1);

E.   For restitution, as appropriate;

F.   For statutory pre-judgment interest;

G.   For reasonable attorneys' fees and the costs of this action;

H.   For an order enjoining Defendant from selling Blueberry Donuts and Maple Donuts;

I.   For an order enjoining Defendant from using the words "blueberry" and "maple" in the names of Blueberry Donuts and Maple Donuts.

J.   For declaratory and/or equitable relief under the causes of action stated herein; and

K.   For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury for themselves and the Class on all claims so triable.

Dated: July 3, 2017.

THE MARGARIAN LAW FIRM

801 North Brand Boulevard, Suite 210

Glendale, California 91203


By:   /s/ Hovanes Margarian

Hovanes Margarian, Esq.

Attorney for Plaintiff,

Hrach Babaian and all others similarly situated.

CLASS ACTION COMPLAINT
HRACH BABAIAN V. DUNKIN BRANDS GROUP, INC., ET AL.

## DECLARATION OF HRACH BABAIAN

### PURSUANT TO CIVIL CODE § 1780(c)

I, Hrach Babaian, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the matters set forth below and if called upon as a witness could and would competently testify thereto.

2. I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(c) based on the foregoing:

    a. Defendant DUNKIN' BRANDS GROUP, INC. is doing business in Los Angeles County, CA and within the Central Judicial District of California.

    b. The transaction complained herein occurred in Los Angeles County, CA and within the Central Judicial District of California.

WHEREFORE, I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed ___July 1, 2017___ in Glendale, California.

_____
Hrach Babaian

CLASS ACTION COMPLAINT
Hrach Babaian v. Dunkin Brands Group, Inc., et al.